CARLE, MACKIE, POWER & ROSS LLP
JOHN B. DAWSON (SBN 242161)
(*jdawson@cmprlaw.com*)
RICHARD C. O'HARE (SBN 167960)
(*rohare@cmprlaw.com*)
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Plaintiff
JOSEPH PHELPS VINEYARDS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| JOSEPH PHELPS VINEYARDS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MOET HENNESSY USA, INC., a Delaware corporation; and DOMAINE CHANDON, INC., a Delaware corporation,<br><br>Defendants. | Case No: 2:15-CV-02803<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**<br><br>1. Federal Trademark Infringement<br>2. Federal Unfair Competition<br>3. Cal. Unfair Competition B&P Code § 17200 et seq.<br>4. Common Law Injury to Business Reputation<br>5. Common Law Unfair Competition<br>6. Common Law Trademark Infringement<br>7. Declaratory Judgment<br><br>*JURY TRIAL DEMANDED* |

Plaintiff Joseph Phelps Vineyards LLC, a California limited liability company ("Joseph Phelps" or "Plaintiff"), by and through its attorneys Carle, Mackie, Power and Ross LLP, as and for its Complaint against defendants Moet Hennessy USA, Inc. and Domaine Chandon, Inc. (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. Joseph Phelps is the owner of the registered, incontestable trademark DELICE®, U.S. Registration No. 1,447,846 in International Class 033 for wine (the "DELICE Mark"). Over the past 30 years, Joseph Phelps has sold tens of thousands of bottles of ultra-premium wine featuring the DELICE Mark, with revenues from such sales in the millions of dollars.

Joseph Phelps continues to market and sell wines bearing the DELICE Mark, and considers the DELICE Mark to be a prized asset of its business.

2. This action arises out of Defendants' unauthorized incorporation and infringing use of the DELICE Mark on, *inter alia*, Defendants' new sparkling wine product.

3. Accordingly, Joseph Phelps brings this action for infringement of the DELICE Mark in violation of § 32 of the Lanham Act, 15 U.S.C. §§ 1114(1); for unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code § 17200 et seq.; for common law injury to business reputation; and for unfair competition and trademark infringement under the common law of the State of California. Joseph Phelps hereby seeks permanent injunctive relief restraining Defendants' continuing and future infringement of the DELICE Mark, monetary damages, and recovery of attorneys' fees and costs, as well as a declaration from this Court that the DELICE Mark remains valid, subsisting, and incontestable and has not been abandoned.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and in this judicial district ("district"), directed their activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected their acts to have consequences in the State of California and this district.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendants are conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are entities with the capacity to sue and be sued in their common names and are subject to personal jurisdiction in this district.

## THE PARTIES

7. Plaintiff Joseph Phelps Vineyards LLC is, and at all times mentioned herein was, a limited liability company existing under the laws of the State of California, having a principal place of business in St. Helena, California. The members of Plaintiff Joseph Phelps Vineyards LLC are also citizens of the State of California.

8. Upon information and belief, defendant Moet Hennessy USA, Inc. ("MH") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in the State of New York.

9. Upon information and belief, defendant Domaine Chandon, Inc. ("Domaine Chandon") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Yountville, California.

## FACTUAL BACKGROUND

10. Founded in 1973, Joseph Phelps has long been recognized as one of the great producers of ultra-premium wine in the United States. Indeed, *Wine Spectator,* the leading wine publication in the United States, has described Joseph Phelps as "one of California's greatest wineries, which routinely produces monumental wines."

11. At least as early as 1983, Mr. Joseph F. Phelps, the company's founder, conceived of the DELICE Mark for use on a new Joseph Phelps' sweet dessert wine after being inspired by fond recollections of specific food and wine experiences.

12. On November 24, 1986, Joseph Phelps's affiliated company, Stone Bridge Cellars, Inc. dba Joseph Phelps Vineyards ("Stone Bridge") applied to register the DELICE Mark with the United States Patent and Trademark Office ("PTO") in International Class 033 for "Wine." On April 21, 1987, the PTO approved Stone Bridge's application and issued a Certificate of Registration for the DELICE Mark for "Wine" in International Class 033, U.S. Reg. No. 1,447,846.

13. On April 24, 1998, Stone Bridge assigned its entire interest in the DELICE Mark and registration to Joseph Phelps Vineyards, Inc. On June 24, 2005, Joseph Phelps Vineyards, Inc. assigned its entire interest in the DELICE Mark and registration to Plaintiff, Joseph Phelps.

14. On September 28, 2006, Joseph Phelps filed a combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act with the PTO for the DELICE Mark. Accordingly, the DELICE trademark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065 and § 1115(b).

15. Since at least as early as May 1986, Joseph Phelps has sold tens of thousands of bottles of ultra-premium dessert wine bearing the DELICE Mark, with revenues from such sales in the millions of dollars. Although the Joseph Phelps DELICE dessert wines are very popular, they can only be made in select years, when the growing conditions allow for the grapes to take on what is deemed the "noble rot," the growth of a fungus Botrytis cinerea on the grapes which results in the production of high-sugar, low alcohol sweet wines.

16. Although the DELICE wines have not been produced every year, these wines have been sold, and continue to be sold, under a beautiful proprietary label which prominently features the DELICE Mark. Joseph Phelps has never discontinued or otherwise abandoned the use of the DELICE Mark, and has no intention of doing so.

17. Since approximately 1986, Joseph Phelps has spent hundreds of thousands of dollars developing and promoting the DELICE brand and to maintain the preeminent reputation of the brand in the State of California and throughout the United States. Accordingly, the DELICE brand now enjoys considerable goodwill in the alcoholic beverage industry, among consumers, and among the general public. As a result of Joseph Phelps' efforts, the DELICE Mark is widely recognized and respected by consumers as well as by members of the trade: distributors, restaurants, and retailers in the State of California and throughout the United States recognize the DELICE Mark as an exclusive designation of source for the goods of Joseph Phelps.

18. In addition, the Joseph Phelps DELICE dessert wines have been, and continue to be, sold to consumers through wine dinner events offered to members of Joseph Phelps' Phelps Preferred wine club. For example, on July 19, 2013, the Joseph Phelps DELICE dessert wine was featured at a Phelps Preferred's "40th Anniversary Summer Dinner at the Vineyard" event. Ironically, this dinner was prepared by the executive chef from Defendant Domaine Chandon's

restaurant *étoile* and also featured Domaine Chandon's *étoile* Brut Rosê wine. (A true and correct copy of the menu for this dinner is attached as Exhibit A hereto.) In October 2014, Joseph Phelps' DELICE dessert wine was featured at a dinner at Farallon Restaurant in San Francisco, as well as at an event at Spago Beverly Hills. (True and correct copies of the menus from these dinners are attached hereto as Exhibits B and C, respectively.) Similar events where consumers are offered Joseph Phelps DELICE wine as part of a wine dinner package have already taken place, and are scheduled to take place, in 2015 as well.

19. Upon information and belief, in June 2014, defendant MH applied for the mark DÉLICE in International Class 033 for "Wines." Upon information and belief, in approximately November 2014, defendant Domaine Chandon began marketing and selling a sweet sparkling wine under the product name DÉLICE in the United States. Despite the short amount of time that Defendants' DÉLICE sparkling wine has been marketed to consumers in the U.S., Domaine Chandon's website states that it has become one of its best selling brands.

20. Defendants' DÉLICE product name is confusingly similar, and essentially identical to, the Joseph Phelps DELICE Mark, given that their product name incorporates the entirety of the DELICE Mark, with the only difference being the addition of the accent over the first letter "E." The harm arising from this similarity is exacerbated by the relatedness of Joseph Phelps' and Defendants' goods, both of which are wine products.

21. Defendants' use and incorporation of the DELICE Mark in its wine brand, is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Defendants' products, as to Joseph Phelps' affiliation, connection, or association with Defendants, and/or as to Joseph Phelps' approval or sponsorship of Defendants' products or commercial activities.

22. Defendants' infringing use of a confusingly similar product name will financially harm Joseph Phelps by diminishing the value of the DELICE Mark as an indicator of the source of its wines. Upon information and belief, Defendants' use and incorporation of the DELICE Mark in its product name will increase the popularity and profitability of Defendants' products and business. Moreover, Joseph Phelps and consumers will be harmed by such confusion as

Defendants' brand will unjustly benefit from the false association with Joseph Phelps' DELICE Mark at no cost to Defendants. This will harm Joseph Phelps by endangering and undermining the ability of its DELICE Mark to serve as a unique and distinctive indicator of the quality and characteristics of the goods bearing the mark.

23. Defendants are well aware of Joseph Phelps' trademark rights in the DELICE Mark. Indeed, on September 17, 2014, the PTO issued an office action refusing MH's application to register the trademark DÉLICE for wine in International Class 033 because of the likelihood of confusion with Joseph Phelps' registered DELICE Mark. On March 16, 2015, without any legitimate basis therefor, Defendant MH filed a cancellation proceeding before the Trademark Trials and Appeals Board ("TTAB") seeking cancellation of the registration of Joseph Phelps' DELICE Mark, and requested that the application to register DÉLICE be suspended pending the outcome of the cancellation proceeding.

24. Despite Defendants' actual knowledge of Joseph Phelps' registered trademark, Defendant began marketing and selling wine under the DÉLICE Mark throughout the United States while knowing that such designation is likely to cause confusion, cause mistake or deceive the consuming public.

25. On March 31, 2015, in a letter to Defendants, Joseph Phelps' President, William H. Phelps advised Defendants that Joseph Phelps continues to promote and sell its DELICE branded wine to consumers around the United States. Mr. Phelps also advised Defendants that Joseph Phelps considers the DELICE trademark to be a valuable, protectable asset of Joseph Phelps. Nevertheless, Defendant Domaine Chandon has continued to market and sell its infringing DELICE branded wine and Defendant MH has continued its baseless cancellation proceeding in the TTAB.

26. Defendants' action have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the DELICE Mark and reputation of DELICE.

27. This case is an exceptional case, entitling Joseph Phelps to treble damages and attorneys' fees as allowed for under the Lanham Act and California law.

# FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT: 15 U.S.C. § 1114.

28. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

29. Defendants' use of the DELICE Mark on wine products, constitute use in commerce of a reproduction, copy or colorable imitation, and thus infringement, of Joseph Phelps' registered DELICE trademark in connection with the offering for sale, distribution or advertising of goods on or in connection with which such use is likely to cause consumer confusion, mistake and deception as to source, sponsorship or approval of the Defendants' goods in violation of 15 U.S.C. § 1114. Moreover, Defendants' foregoing acts are causing irreparable harm to Joseph Phelps for which there is no adequate remedy at law.

30. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to Joseph Phelps in an amount to be determined at trial.

31. By reason of the foregoing acts, Defendants are liable to Joseph Phelps for trademark infringement under 15 U.S.C. § 1114.

## SECOND CLAIM

## UNFAIR COMPETITION 15 U.S.C. § 1125(a)

32. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

33. Defendants' use of the DELICE Mark in connection with their wine products is such a colorable imitation and copy of Joseph Phelps' established trademark that Defendants' use thereof is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Joseph Phelps' products, or to deceive consumers as to the origin, sponsorship or approval of Defendants' products in violation of 15 U.S.C. § 1125(a).

34. Defendants' incorporation and use of the DELICE Mark on their products constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

35. Defendants' use of the DELICE Mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

36. Defendants' ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to Joseph Phelps in an amount to be determined at trial.

### THIRD CLAIM

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.

37. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 36.

38. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

39. Pursuant to California Business and Professions Code § 17203, Joseph Phelps is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

### FOURTH CLAIM

### COMMON LAW INJURY TO BUSINESS REPUTATION

40. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41. Defendants' use of Joseph Phelps' DELICE Mark inures and creates a likelihood of injury to Joseph Phelps' business reputation because persons encountering Joseph Phelps and its products and services will believe that Joseph Phelps is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their businesses will injure the business reputation of Joseph Phelps and the goodwill that it enjoys in connection with its DELICE Mark.

## FIFTH CLAIM

## COMMON LAW UNFAIR COMPETITION

42. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 41.

43. Defendants' actions constitute unfair competition under the common law of the State of California.

44. Defendants' ongoing acts of unfair competition are willful and deliberate, and result in substantial damage to Joseph Phelps in an amount to be determined at trial.

## SIXTH CLAIM

## COMMON LAW TRADEMARK INFRINGEMENT

45. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

46. The general consuming public of California widely recognizes the DELICE Mark as designating Joseph Phelps as the source of wine products. Joseph Phelps has common law trademark rights in the DELICE Mark under California law.

47. Defendants' actions, as hereinbefore alleged, constitute trademark infringement in violation of the common law of the State of California.

48. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to Joseph Phelps in an amount to be determined at trial.

## SEVENTH CLAIM

## DECLARATORY JUDGMENT 28 USC § 2201

49. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 48.

50. An actual and justifiable controversy presently exists between Joseph Phelps and Defendants, as Defendants refuse to acknowledge that the DELICE Mark remains valid, subsisting, and incontestable under the Lanham Act and at common law and that Joseph Phelps has not abandoned the DELICE Mark. Accordingly, Joseph Phelps seeks and is entitled to a

declaratory judgment from this Court pursuant to 28 U.S.C. § 2201, that the DELICE Mark remains valid, subsisting, and incontestable under the Lanham Act and at common law.

WHEREFORE, Plaintiff prays:

1. For an order requiring Defendants to show cause why they should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Plaintiff;

2. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from: (a) using Joseph Phelps' DELICE Mark or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any way similar to Joseph Phelps' trademark DELICE, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Joseph Phelps' products or their connection to Defendants;

3. That Defendants be required to file with the Court and serve on Joseph Phelps within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Joseph Phelps resulting from the acts alleged herein;

5. That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Joseph Phelps for any and all profits derived by them from their illegal acts complained of herein;

6. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Joseph Phelps' rights in the DELICE Mark, as well as all plates, matrices, and other means of making the same;

7. That this Court enter a declaratory judgment declaring that the DELICE Mark remains valid, subsisting, and incontestable under the Lanham Act and at common law;

8. That Defendants be ordered to pay punitive damages in amount to be determined at trial;

9. That the Court declare this to be an exceptional case and award Joseph Phelps, treble damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. That the Court grant Joseph Phelps any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

11. For such and other further relief that the Court deems just and proper.

Dated: April 16, 2015

Respectfully submitted,

CARLE, MACKIE, POWER & ROSS LLP

By:   /s/ John B. Dawson
        John B. Dawson
        Richard C. O'Hare

        100 B Street, Suite 400
        Santa Rosa, CA 95401
        Telephone: (707) 526-4200
        Facsimile: (707) 526-4707

        Attorneys for Plaintiff
        Joseph Phelps Vineyards LLC

## DEMAND FOR JURY TRIAL

As set forth in its Complaint and prayer for relief, Plaintiff hereby requests a trial by jury in this matter.

Dated: April 16, 2015

          Respectfully submitted,

          CARLE, MACKIE, POWER & ROSS LLP

          By:   /s/ John B. Dawson
                John B. Dawson
                Richard C. O'Hare

                100 B Street, Suite 400
                Santa Rosa, CA 95401
                Telephone: (707) 526-4200
                Facsimile: (707) 526-4707

                Attorneys for Plaintiff
                Joseph Phelps Vineyards LLC